# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA D. WARD<br>4610 Cleveland Rd.<br>East, Huron, OH 44839 | ) Case No.<br>)<br>)<br>) Judge: |
| and | |
| JEREMIAH STOVER<br>1845 Superior St.<br>Sandusky, OH 44870 | ) **COMPLAINT**<br>)<br>) (Jury Demand Endorsed Hereon) |
| Plaintiffs, | |
| v. | |
| CITY OF NORWALK<br>38 Whittlesey Ave.<br>P.O. Box 30<br>Norwalk, OH 44857 | |
| and | |
| NORWALK MUNICIPAL COURT<br>45 N. Linwood Ave.<br>Norwalk, OH 44857 | |
| and | |
| JOHN S. RIDGE<br>11 Joel Way<br>Norwalk, OH 44857 | |
| Defendants. | |

Now come Plaintiffs Joshua D. Ward and Jeremiah Stover who respectfully submit this Complaint:

## NATURE OF ACTION

1. This is a class action on behalf of the named plaintiffs and other persons similarly situated who suffered economic damage, personal injury and deprivation of rights guaranteed by the Fourth Amendment, Sixth Amendment and Eighth Amendment to the United States Constitution as applied to the State of Ohio and the City of Norwalk via the Fourteenth Amendment, arising from Defendants' unlawful jailing of individuals who are unable to pay their fines and court costs.  This unlawful practice also violates the Ohio Constitution, the Ohio Revised Code and firmly established case law prohibiting the incarceration of indigent defendants for failure to pay court-imposed fines and costs.  Defendants' conduct disregards the legal mandate that 1) a meaningful hearing into an individual's financial resources must be conducted before a court may impose jail time for failure to pay fines; and 2) that the payment of court costs may only be enforced through civil remedies.

## JURISDICTION AND VENUE

2.  This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3.  Pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), venue properly lies in this district, where all Defendants reside and in which a substantial part of the events giving rise to the lawsuit took place.

## PARTIES

4. Plaintiff Joshua D. Ward resides at 4610 Cleveland Rd., East, Huron, OH 44839.

5. Plaintiff Jeremiah Stover resides at 1845 Superior Street, Sandusky, OH 44870.

6. Defendant City of Norwalk is a political subdivision incorporated in Huron County under the laws of the State of Ohio.

7. Defendant Norwalk Municipal Court is a court of record having jurisdiction in Huron County, Ohio.

8. Defendant John Ridge was, at all times relevant herein, the presiding judge on the bench of the Norwalk Municipal Court and who resides at 11 Joel Way, Norwalk, OH 44857.

## FACTS

### I. General Background

9. Plaintiffs Joshua D. Ward and Jeremiah Stover have been incarcerated in excess of eight months and three months, respectively, pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay certain fines, without the benefit of a meaningful evidentiary hearing to determine their ability to pay the fines in question.

10. Plaintiffs Joshua D. Ward and Jeremiah Stover have been incarcerated in excess of eight months and three months, respectively, pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay certain court costs in violation of controlling Ohio Supreme Court precedent established in *Strattman v. Studt* (1969), 20 Ohio St. 2d 95.

11. Staff at the Norwalk Municipal Court's Clerk of Court office openly admitted to the American Civil Liberties Union ("ACLU") that whenever court records showed a person who

3

was incarcerated for ten days of a "contempt" charge, this meant he or she had most likely been jailed for failure to pay fines.

12. Public records reviews performed by the ACLU showed hundreds of such "contempt" charges; over a six-month period, approximately 22% of the total bookings in the Huron County Jail were related to failure to pay fines.

13. On information and belief, no meaningful hearing was conducted in any such contempt proceeding to determine whether the individual was financially able to pay the fine in question as required by controlling United States Supreme Court Precedent established in *Bearden v. Georgia*, 461 U.S. 660 (1983, and codified in Ohio Revised Code § 2947.14.

14. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of fines with no meaningful hearing to determine their ability to pay.

15. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of court costs in violation of controlling Ohio Supreme Court precedent established in *Strattman v. Studt* (1969), 20 Ohio St. 2d 95.

16. Defendants caused the intentional and unlawful detention of Plaintiffs.

17. Defendants' conduct shocks the conscience and has resulted in a deprivation of rights guaranteed by the Fourth Amendment, Sixth Amendment and Eighth Amendment to the United States Constitution as applied to the State of Ohio and the City of Norwalk via the Fourteenth Amendment.

## **CLASS ACTION ALLEGATIONS**

18. Pursuant to Rule 23 of the Ohio Rules of Civil Procedure, Plaintiffs bring this lawsuit on behalf of themselves and a proposed class consisting of:

   a) All persons who were incarcerated pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay certain fines, without the benefit of a meaningful evidentiary hearing to determine their ability to pay the fines in question as required by controlling United States Supreme Court Precedent established in *Bearden v. Georgia*, 461 U.S. 660 (1983, and codified in Ohio Revised Code § 2947.14.

   b) All persons who were incarcerated pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay court costs in violation of controlling Ohio Supreme Court precedent established in *Strattman v. Studt* (1969), 20 Ohio St. 2d 95.

19. The Plaintiffs both are members of the putative class.

20. The Plaintiffs estimate that the putative class has hundreds of members, who are too numerous to join in a single lawsuit.

21. The Plaintiffs' claims arise from the same set of circumstances and proceed under the same legal theory as those of all members of the putative class. No conflict exists between their interests and class members. Given these considerations, the Plaintiffs' claims typify those of all class members pursuant to Fed. R. Civ. P. 23(a).

22. The Plaintiffs will fairly and adequately represent the interests of all members of the putative class. Their claims are not antagonistic but coincident to those of other class members. The Plaintiffs will vigorously pursue the case and has engaged counsel with experience in prosecuting class actions.

23. Pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law or fact common to the members of the putative class predominate over any questions affecting only individual members. Class members were incarcerated pursuant to illegal contempt proceedings and arrest

warrants issued by Defendant John Ridge for failure to pay certain fines, without the benefit of a meaningful evidentiary hearing to determine their ability to pay the fines in question, as well as for failure to pay court costs incidental to those fines. These common questions predominate over any questions affecting only individual members of the putative class.

24. Adjudication of this dispute as a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Adjudication of class members' claims would otherwise require thousands of individual lawsuits, which would consume Court resources and impose unnecessary duplications in costs and attorney's fees. Moreover, the expense in prosecuting an individual action would far exceed the potential recovery that any such action might conceivably yield – only by pooling their resources in a class action can eligible claimants capitalize on their opportunity to recover.

## COUNT ONE

### 18 U.S.C. 1983
### (False Arrest)

25. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

26. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of fines with no meaningful hearing to determine their ability to pay as required by controlling United States Supreme Court Precedent established in *Bearden v. Georgia*, 461 U.S. 660 (1983, and codified in Ohio Revised Code § 2947.14.

27. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of court costs in violation of controlling Ohio Supreme Court precedent established in *Strattman v. Studt* (1969), 20 Ohio St. 2d 95.

28. Defendants caused the intentional and unlawful detention of Plaintiffs.

29. Defendants' conduct shocks the conscience and has resulted in a deprivation of rights guaranteed by the Fourth Amendment, Sixth Amendment and Eighth Amendment to the United States Constitution as applied to the State of Ohio and the City of Norwalk via the Fourteenth Amendment. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

## COUNT TWO

### (Ohio Common Law False Arrest)

30. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated herein.

31. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of fines with no meaningful hearing to determine their ability to pay as required by controlling United States Supreme Court Precedent established in *Bearden v. Georgia*, 461 U.S. 660 (1983) and codified in Ohio Revised Code § 2947.14.

32. Based upon information and belief, the Plaintiffs allege that all or most members of the putative class were jailed for non-payment of court costs in violation of controlling Ohio Supreme Court precedent established in *Strattman v. Studt* (1969), 20 Ohio St. 2d 95.

33. Defendants caused the intentional and unlawful detention of Plaintiffs.

34. Defendants' conduct shocks the conscience and has resulted in a deprivation of rights guaranteed by the Fourth Amendment, Sixth Amendment and Eighth Amendment to the United States Constitution as applied to the State of Ohio and the City of Norwalk via the Fourteenth Amendment.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for the following relief

(a) certification of the following class (or subclasses) pursuant to Fed. R. Civ. P. 23:

i) All persons incarcerated pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay certain fines, without the benefit of a meaningful evidentiary hearing to determine their ability to pay the fines in question.

ii) All persons who were incarcerated pursuant to illegal contempt proceedings and arrest warrants issued by Defendant John Ridge for failure to pay court costs in violation of controlling Ohio Supreme Court precedent established in Strattman v. Studt (1969), 20 Ohio St. 2d 95.

(b) An award of compensatory damages, in an amount the Plaintiffs will establish at trial;

(c) An award of the costs incurred in prosecuting this lawsuit, including reasonable attorney and expert fees; and,

(e) Such further relief as the Court deems just, equitable, appropriate, and in accordance with law.

Respectfully submitted,

JOHN W. GOLD, LLC

/s/ John W. Gold_____
**JOHN W. GOLD (#0078414)**
101 W. Water St.
Sandusky, OH 44870
Tel:  (216) 916-9282
Fax:  (216) 274-9981
Email: jgold@jwg-law.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

        Respectfully submitted,

        JOHN W. GOLD, LLC

        /s John W. Gold
        **JOHN W. GOLD (#0078414)**
        101 W. Water St.
        Sandusky, OH 44870
        Tel:   (216) 916-9282
        Fax:  (216) 274-9981
        Email: jgold@jwg-law.com
        *Attorney for Plaintiffs*