**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joshua Ward, et al.,                                              Case No. 3:13CV2210

       Plaintiffs

       v.                                                       **ORDER**

City of Norwalk, et al.,

       Defendants

This is a suit under 42 U.S.C. § 1983 by individuals who had traffic and criminal cases pending in the Municipal Court of Norwalk, Ohio.

Plaintiffs claim that a former Judge of that court, John Ridge, caused them to be jailed for nonpayment of fines and court costs without holding a hearing to determine if they could pay the fines and costs. According to plaintiffs, Judge Ridge directed defendant Pamela G. Boss, the Clerk of the Norwalk Municipal Court, to issue warrants for plaintiffs' arrest, thereby "ratifying" Judge Ridge's unlawful orders. On being arrested and jailed, the plaintiffs had to "work off" the levies at the amount of $50/day.

Pending are motions by Clerk Boss (Doc. 37) and Judge Ridge (Doc. 38) to dismiss under Fed. R. Civ. P. 12(b)(6).

For the reasons that follow, I grant the motions as to plaintiffs' federal constitutional claims, and I decline to exercise jurisdiction over plaintiff's supplemental state-law claims.

**Discussion**

**1. Clerk Boss**

Clerk Boss seeks dismissal on several grounds. I need, however, only consider two of her arguments: 1) because plaintiffs have sued her only in her official capacity, the suit is, in effect, a suit against the Norwalk Municipal Court, which is not *sui juris*; and 2) even if plaintiffs had sued her in her personal capacity, Clerk Boss is absolutely immune from suit under the doctrine of judicial immunity.

I agree with both contentions.

First, a suit against a public official in her official capacity is, in legal effect, a suit against her political-entity employer. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *cf. Lambert v. Clancy*, 125 Ohio St. 3d 231, 236 (2010). In an earlier decision in this case (Doc. 31), I granted the Municipal Court's motion to dismiss on the basis that it was not *sui juris*.

Because a suit against Clerk Boss in her official capacity is the same as a suit against the Court, which is not amenable to suit, she is entitled to dismissal on that basis.

In any event, court clerks perform, as they are obligated to, the duties judges assign them. Doing so, they function in a quasi-judicial capacity. As a result, the law extends to court clerks the same absolute immunity as it does to judges. *See, e.g., Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam).

Plaintiffs contend that the acts attributed to Clerk Boss are somehow outside the scope of her quasi-judicial duties. But they are wrong: the acts Clerk Boss performed in accordance with Judge Ridge's orders (and those of his successor) are "paradigmatic" quasi-judicial acts that court clerks routinely and necessarily perform. *See, e.g., Saum v. Savage*, 2014 WL 3105010, *2 (S.D. Ohio)

(handling of arrest warrants among the clerical functions that are "an integral part of the judicial process") (citations omitted).

Plaintiffs cannot redefine reality to fit their own perceptions. The acts they attribute to Clerk Boss fall squarely within those duties every judge has clerks do, and every court needs done. Clerk Boss not being amenable to suit in her official capacity and immune from suit in her personal capacity, I need neither consider nor say anything more to dismiss the federal claims against her.

## 2. Judge Ridge

Judge Ridge also seeks dismissal on several grounds, but his contention that the law endows him with absolute judicial immunity is dispositive.

Plaintiffs have sued Judge Ridge in his individual capacity. Judges are absolutely immune from claims arising out of their performance of their judicial functions and duties. *E.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991). The only question in this case is whether Judge Ridge's issuance of warrants and ordering plaintiffs jailed without a hearing were acts for which he is immune from suit.

Whether the Judge's actions violated the plaintiffs' constitutional rights is not the issue. The issue is, rather, whether his acts were "judicial acts." If so, immunity attaches, despite any wrongfulness inherent in those acts. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Judge Ridge had jurisdiction over the plaintiffs and the charges against them: traffic and misdemeanor charges are the grist of any municipal court's mill. O.R.C. § 2931.4.

His acts, including his imposition of incarceration, were "judicial acts." As the Sixth Circuit has stated, "[t]he act of citing and incarcerating a party for contempt of court where the court has subject matter jurisdiction over the charge is also a judicial act to which absolute judicial immunity attaches." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999).

Plaintiffs' arguments to the contrary are without merit. What matters is the conduct, not, as plaintiffs contend, the consequences.

Judge Ridge was acting *qua* judge. That what he did was, at least according to plaintiffs, unconstitutional does not trump the plain fact that he issued orders and imposed sanctions in his capacity as a Judge of the Municipal Court. Doing so is at the core of every judicial office, duty, and power. Absolute judicial immunity ensures that judges can and will, as they must, exercise the power and perform the duties of their office free from fear that, in doing so, they and their livelihood are ever at risk.

### 3. Supplemental State-Law Claims

I exercise my discretion under 28 U.S.C. § 1367(c) to not adjudicate plaintiffs' state-law claims. *See, e.g., Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT defendants' motions to dismiss (Docs. 37, 38) be, and the same hereby are granted with regard to the plaintiffs' federal claims. I decline to exercise supplemental jurisdiction over plaintiffs' state-law claims.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge